UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GIOVANNI K KURTZE,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, et al.<br><br>Defendants. | Case No. 2:16-cv-01104-RFB-GWF<br><br>SCREENING ORDER<br>ON AMENDED COMPLAINT |

This is a *pro se* civil rights case filed by a county inmate pursuant to 42 U.S.C. § 1983. (ECF No. 8). On December 23, 2013, the Court screened Plaintiff's original complaint and granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 5). On January 9, 2017, Plaintiff filed an amended complaint. (ECF No. 7). On June 8, 2017, Plaintiff amended his complaint again. (ECF No. 8). An amended complaint supersedes an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the operative complaint is the amended complaint filed on June 8, 2017. (ECF No. 8.) The Court now screens that operative complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

II. **SCREENING OF AMENDED COMPLAINT**

In the amended complaint, Plaintiff sues Williamson and Joe Lombardo for events that took place while Plaintiff was incarcerated at the Clark County Detention Center (CCDC). (ECF No. 8 at 1-2). Plaintiff alleges three counts and seeks monetary damages. (*Id.* at 4-6, 9.)

In Count I, Plaintiff alleges that NaphCare, the CCDC's medical provider, did not use the correct body mass index charts. (ECF No. 8 at 4.) He also alleges that, while

incarcerated at CCDC, he lost weight. (*Id.*) Plaintiff alleges that this violated his Eighth Amendment and Fourteenth Amendment rights. (*Id.*)

In Count II, Plaintiff alleges that he needs a particular medication known as Tegretol for his brain disease, which is called Dandy Walker, and for his post-traumatic stress disorder. (*Id.* at 5.) A NaphCare doctor refused to give Plaintiff the medication, saying that Plaintiff does not take medications. (*Id.*) When Plaintiff sent a medical request form to NaphCare stating what happened and asking for another doctor, the response was a zero being crossed out. (*Id.*) Plaintiff alleges that this violated his Eighth Amendment rights and his Fourteenth Amendment rights. (*Id.*)

In Count III, Plaintiff appears to allege that the calories were not balanced correctly on food trays and that he lost weight. (*Id.* at 6.)

In its prior screening order, the Court advised Plaintiff that upon amendment, Plaintiff must provide more details, including following the directions in the form complaint and describing exactly what each specific defendant **(by name)** did to violate his rights. (ECF No. 5 at 5.) Plaintiff does not allege anywhere in the amended complaint (ECF No. 8) that either Defendant Williamson or Defendant Lombardo did anything. A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§]1983." *Id*.

The Court will dismiss the amended complaint (ECF No.8) without prejudice and will give Plaintiff leave to amend one final time. If Plaintiff chooses to file an amended complaint, Plaintiff must follow the directions in the form complaint **and describe exactly what each specific defendant (by name) did to violate his rights**. If Plaintiff is unable to provide factual allegations to state a colorable claim in his Third Amended Complaint, the Court will dismiss this case with prejudice for failure to state a claim and without leave to amend because amendment would be futile.

In addition to explaining what each defendant (by name) did, Plaintiff must allege facts sufficient to state a claim. Plaintiff appears to be trying to allege Eighth Amendment violations based on the conditions of confinement and based on deliberate indifference to serious medical needs.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under

the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Additionally, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

In addition, the "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). In particular, the Eighth Amendment requires that prisoners receive food that is adequate to maintain health. *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). When considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413

F.3d 1036, 1042 (9th Cir. 2005).

The Court dismisses the entire amended complaint without prejudice. Plaintiff is granted leave to file a third amended complaint to cure the deficiencies of the amended complaint. If Plaintiff chooses to file a third amended complaint, he is once again advised that an amended complaint supersedes (replaces) the earlier complaints and, thus, the new amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's third amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the third amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Third Amended Complaint."

The Court notes that if Plaintiff chooses to file a third amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the third amended complaint within thirty (30) days from the date of entry of this order. If Plaintiff chooses not to file a third amended complaint curing the stated deficiencies, the Court will dismiss this action with prejudice for failure to state a claim.

**III.  CONCLUSION**

For the foregoing reasons, it is ordered that the operative complaint is the amended complaint that was filed on June 8, 2017 (ECF No. 8).

IT IS FURTHER ORDERED that the amended complaint (ECF No. 8) is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a third amended complaint curing the deficiencies of his amended complaint, as outlined in this order, Plaintiff shall file the third amended complaint within thirty (30) days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the

amended complaint (ECF No. 8).  If Plaintiff chooses to file a third amended complaint, he must use the approved form and he shall write the words "Third Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Plaintiff's third amended complaint does not provide sufficient factual allegations to state a colorable claim, the Court will dismiss this case with prejudice for failure to state a claim and without leave to amend because amendment would be futile.

DATED THIS 16th day of November 2017.

_____
UNITED STATES MAGISTRATE JUDGE